62 263
133a 694

</div>

In the Matter of the Claim of the PHŒNIX IRON COMPANY v. THE VESSELS "HOPATCONG" and "MUSCONETCONG," their Tackle, etc.

In the Matter of the Claim of the CHESTER ROLLING MILLS v. THE SAME.

*Costs — under the act for the collection of demands against ships and vessels — effect upon said act of the repeal of the Code of Procedure — extra allowance.*

By section 24 of chapter 482 of the Laws of 1862, "An act to provide for the collection of demands against ships and vessels," it is enacted as follows: "Judgment for costs shall be rendered in favor of the successful party as in personal actions, and the successful party shall be entitled to recover the costs and allowances provided for in the Code of Procedure in civil actions." The portion of the Code of Procedure relative to costs was repealed by the Code of Civil Procedure, which, in its provisions relating to costs, went into effect on the 1st day of September, 1880.

In 1885 two claimants began proceedings by petition under the act of 1862, the decisions in which on appeal were reversed, new trials were had, the decisions on which, unfavorable to the claimants, were reversed at General Term, and upon a final appeal to the Court of Appeals the claimants were successful and judgment absolute was ordered for the claimants, with costs.

Upon a motion made at Special Term for an extra allowance the appellant took the objections that this was not an action, but a special proceeding, and that in any event the court had no power to grant an extra allowance.

*Held,* that the provisions as to costs and allowances were as effectually incorporated into the act of 1862, by the reference to the Code of Procedure, as though the provisions thereof were set out in *hæc verba,* and that the subsequent repeal of the Code had no effect in this regard.

That the extra allowances were proper.

APPEALS by the Hoboken Land and Improvement Company, the owner of the vessels "Hopatcong" and "Musconetcong," from two orders, each entered in the office of the clerk of Orange county on the 7th day of August, 1891, granting an extra allowance to the Chester Rolling Mills and to the Phœnix Iron Company, respectively.

The proceedings in each case were taken under the Laws of 1862 (chap. 482) against the vessels "Hopatcong" and "Musconetcong," and the question of costs arose under section 24 thereof. The proceedings were begun in 1885 by both claimants and went on together. The first trial was had at Special Term, and the decrees there entered were dated July 31, 1885. Both claimants appealed to the General Term from certain portions of the decrees, and were successful in their appeal. A new trial was had at Special Term, and the decrees entered thereon were dated November 7, 1888. From these decrees both claimants appealed to the General Term, which reversed the decrees, with costs to abide the event. Thereupon the Hoboken Land and Improvement Company appealed to the Court of Appeals, giving the usual stipulation. The Court of Appeals affirmed the order of the General Term in each case and rendered judgment absolute against the Hoboken Land and Improvement Company, with costs. Thereupon each claimant moved at Special Term for an extra allowance. The appellant objected to this in each case on the ground that the proceedings were special proceedings; and, further, that there was no power in the court to make any allowance. The allowance to the Chester Rolling Mills was of five per cent on $12,426.63, and to the Phœnix Iron Company of five per cent on $6,325.27.

*Abbett & Schmitt,* for the appellant.

*E. A. Brewster,* for the claimants.

PRATT, J.:

These proceedings are based upon the act of 1862, and the allowances from which these appeals are brought were such as were authorized by that act.

The cost and allowances granted by that act were not set forth bodily in the statute. They were incorporated into it by a reference to the Code of Procedure, then in existence, and became a portion of the act as effectually as if they had been set forth in words.

The subsequent repeal of the Code of Procedure did not affect the act of 1862. That stands as it did before.

The allowances made were, therefore, proper and are affirmed.

DYKMAN, J., concurred.

Order granting extra allowance affirmed, with costs and disbursements.